**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **SVETLANA LOKHOVA,**<br><br>        **Plaintiff,**<br><br>    vs.<br><br>**STEFAN A. HALPER, DOW JONES & COMPANY, INC., THE NEW YORK TIMES COMPANY, WP COMPANY, LLC, NBCUNIVERSAL MEDIA LLC, AND MALCOLM NANCE,**<br><br>        **Defendants.** | Civil No.:  1:19-cv-00632-TSE-JFA |

**DEFENDANT THE NEW YORK TIMES COMPANY'S REPLY
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

John Hundley, Va. Bar No. 36166
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2200
Fax: 202-661-2299
Email: hundleyj@ballardspahr.com

Dana R. Green (admitted *pro hac vice*)
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Tel: 212-556-5290
Fax: 212-556-4634
Email: dana.green@nytimes.com

*Attorneys for The New York Times Company*

**TABLE OF CONTENTS**

I. LOKHOVA'S DEFAMATION CLAIM IS TIME-BARRED ........................................... 1

    A. The Article was not Published or Republished Within the Statute of Limitations . 1

    B. *Weaver* Does not Permit Lokhova to Overcome the Statute of Limitations ........... 3

II. THE STATEMENTS AT ISSUE ARE NOT ACTIONABLE AS A MATTER OF LAW 5

    A. Lokhova Improperly Attempts to Amend to Plead Defamation by Implication .... 5

    B. The Statements at Issue are Non-Actionable Opinion ........................................... 8

    C. Lokhova Should be Deemed to Concede The Statements at Issue are not "Of and Concerning" Plaintiff as a Matter of Law ............................................................... 9

III. PLAINTIFF'S REMAINING CLAIMS ALSO SHOULD BE DISMISSED ................... 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. Children's Hosp. of the King's Daughters*,
   No. CL18-2656, 2018 Va. Cir. LEXIS 343 (Va. Cir. Ct. Sep. 21, 2018)..................................4

*Alvarez v. Lynch*,
   828 F.3d 288 (4th Cir. 2016) ......................................................................................................2

*Armstrong v. Bank of Am.*,
   61 Va. Cir. 131 (Va. Cir. Ct. 2003)............................................................................................4

*Biospherics, Inc. v. Forbes, Inc.*,
   151 F.3d 180 (4th Cir. 1998) ......................................................................................................8

*Blue Ridge Bank v. Veribank*,
   866 F.2d 681 (4th Cir. 1988) ......................................................................................................5

*Carlson v. Am. Int'l Grp., Inc.*,
   89 N.E.3d 490 (N.Y. 2017)......................................................................................................11

*Chapin v. Knight-Ridder, Inc.*,
   993 F.2d 1087 (4th Cir. 1993) ....................................................................................................6

*Cureton v. U.S. Marshal Serv.*,
   322 F. Supp. 2d 23 (D.D.C. 2004) .............................................................................................3

*Doctor's Data, Inc. v. Barrett*,
   170 F. Supp. 3d 1087 (N.D. Ill. 2016) .......................................................................................2

*Firestone v. Wiley*,
   485 F. Supp. 2d 694 (E.D. Va. 2007) (Ellis, J.)......................................................................11

*Flexible Benefits Council v. Feltman*,
   No. 08-371, 2008 U.S. Dist. LEXIS 46626 (E.D. Va. June 16, 2008) ....................................11

*Fornshill v. Ruddy*,
   No. 95-2490, 1996 U.S. App. LEXIS 14125 (4th Cir. June 11, 1996).....................................9

*Gregoire v. G.P. Putnam's Sons*,
   81 N.E.2d 45 (N.Y. 1948).........................................................................................................5

*Hanks v. Wavy Broad., LLC*,
   No. 2:11 cv 439, 2012 U.S. Dist. LEXIS 15729 (E.D. Va. Feb. 8, 2012) ...............................10

*Hurst v. State Farm Mut. Auto. Ins. Co.*,
   2007 U.S. Dist. LEXIS 21172 (W.D. Va. Mar. 23, 2007), *aff'd*, 324 F. App'x
   250 (4th Cir. 2009) ...................................................................................................11

*Katz v. Odin, Feldman & Pittleman, P.C.*,
   332 F. Supp. 2d 909 (E.D. Va. 2004) ........................................................................6

*Meyers v. Levinson*,
   2005 U.S. Dist. LEXIS 42799 (E.D. Va. July 26, 2005) ............................................4

*Morgan Distrib. Co. v. Unidynamic Corp.*,
   868 F.2d 992 (8th Cir. 1989) ......................................................................................6

*Nzabandora v. Univ. of Va.*,
   No. 3:17-CV-00003, 2017 U.S. Dist. LEXIS 175912 (W.D. Va. Oct. 24,
   2017) ....................................................................................................................2, 10

*Raytheon Tech. Servs. Co. v. Hyland*,
   273 Va. 292 (2007) .....................................................................................................9

*Sponaugle v. Rutledge*,
   58 Va. Cir. 3 (Va. Cir. Ct. 2001) ................................................................................5

*Three Amigos SJL Rest., Inc. v. CBS News Inc.*,
   65 N.E.3d 35 (N.Y. 2016) ..........................................................................................9

*Va. Citizens Def. League v. Couric*,
   910 F.3d 780 (4th Cir. 2018) ......................................................................................7

*Washington v. Smith*,
   80 F.3d 555 (D.C. Cir. 1996) .....................................................................................9

*Weaver v. Beneficial Financial Company*,
   199 Va. 196, 98 S.E.2d 687 (Va. 1957) ............................................................3, 4, 5

*Weyrich v. New Republic, Inc.*,
   235 F.3d 617 (D.C. Cir. 2001) ...................................................................................9

*White v. Fraternal Order of Police*,
   909 F.2d 512 (D.C. Cir. 1990) ...................................................................................6

**Statutes**

Va. Code. Ann. § 8.01-247 ..............................................................................................1

Defendant The New York Times Company ("The Times"), by and through its undersigned counsel and pursuant to Local Civil Rule 7(F), submits this reply in support of its motion to dismiss the Amended Complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

As set out previously, Lokhova's defamation claim against The Times is fatally flawed for the simple reason that it is barred by the statute of limitations. In opposition, Lokhova fails to address this dispositive legal issue, and on that basis she should be deemed to have conceded that her claim is untimely. Even if Lokhova's claim were timely, it would fail as a matter of law for multiple reasons: the statements at issue are not actionable because they lack defamatory meaning; they are non-actionable opinion; and they are not "of and concerning" plaintiff as a matter of law. Lokhova's two "tag along" claims for conspiracy and intentional interference with business expectations also must also be dismissed because plaintiff cannot evade First Amendment protections by reframing defamation claims as other torts, and she has failed adequately to plead those claims.

**I.   LOKHOVA'S DEFAMATION CLAIM IS TIME-BARRED**

**A.   The Article was not Published or Republished Within the Statute of Limitations**

Lokhova's claims against The Times are based on an Article published May 18, 2018.[1] Under Virginia law, the one-year statute of limitations for any defamation claim arising out of the Article ended on May 18, 2019. Va. Code. Ann. § 8.01-247 (statute of limitations for defamation is one year). The initial Complaint was filed five days later, on May 23, 2019. Consequently, the Article is outside the statute of limitations for defamation. *See* New York

---

[1] Lokhova amended her claims to assert that one of the authors of the Article repeated its defamatory statements on MSNBC on May 18, 2018. Am. Compl. ¶ 162. To the extent that plaintiff premises her claims on that broadcast, it too is outside the statute of limitations.

1

Times Company's Memorandum of Law in Support of Motion to Dismiss ("NYT Mem."), Dkt. 65, at 7-8.

In an effort to overcome the statute of limitations, Lokhova argues the Article was republished within the statute of limitations. Am. Compl. ¶ 163. Lokhova pleads a number of retweets and hyperlinks as evidence of "republication," *see id.*, but only one is within the statute of limitations: a May 24, 2018 tweet by a reporter at The Daily Caller, hyperlinking to the article and stating: "So what's the source of this information about Flynn? And was the concern justified? According to NY Times, it was Stef Halper who first sounded the alarm on Flynn." *Id.*; https://twitter.com/ChuckRossDC/status/999674664304574464.

It is well-settled, however, that hyperlinks such as the above do not constitute a republication as a matter of law. *See* NYT Mem. at 8-9. This is because, among other things, a hyperlink "does not duplicate the content of a prior publication; rather, it identifies the location of an existing publication and, if selected, instructs a search engine to retrieve that publication." *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1137 (N.D. Ill. 2016). Because hyperlinks to the Article do not constitute "republication" as a matter of law, the Amended Complaint fails to allege any timely publication—or republication—of the Article, and on that basis Lokhova's claims against The Times must be dismissed. *See* NYT Mem. at 8-11.

In opposition, Lokhova does not address this dispositive legal issue or respond to the extensive authority relied on by The Times. On that basis she should be deemed to have conceded a hyperlink is not a "republication" and the Article was not published or republished within the statute of limitations. *See Nzabandora v. Univ. of Va.,* No. 3:17-CV-00003, 2017 U.S. Dist. LEXIS 175912, at *13 (W.D. Va. Oct. 24, 2017) (failure to respond to an argument in a moving brief concedes the issue (citing *Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016)));

2

*Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case.").

Lokhova does vaguely assert that her defamation claims are timely based on her "response and analysis of the republication issue . . . set forth in detail in her prior responses to Halper's motions." Plaintiff's Combined Memorandum in Opposition to the Media Defendants' Motions to Dismiss ("Opp."), Dkt. 75, at 13. This, apparently, is a reference to her Memorandum in Opposition to Defendant Halper's Motion for Sanctions, Dkt. No. 54, at 9-12 and Memorandum in Opposition to Defendant Halper's Motion to Dismiss, Dkt. 74, at 20. But those pleadings address a different issue. In those pleadings, Lokhova relies on *Weaver v. Beneficial Financial Company*, 199 Va. 196, 98 S.E.2d 687 (Va. 1957), in an effort to overcome the statute of limitations as to defendant Stefan Halper. She argues that *Weaver* permits Halper to be held liable for third parties' timely publication or republication of his defamatory statements. *See* Dkt. 54 at 11-12; Dkt. 74 at 20. But for *Weaver* to have any relevance to her claims against The Times, Lokhova would first need to show that a third party timely republished the Article, and plaintiff has failed to do that because the retweets and hyperlinks she relies on are not "republications" as a matter of law.

**B.     *Weaver* Does not Permit Lokhova to Overcome the Statute of Limitations**

Even if Lokhova were able to show that retweets and hyperlinks constitute republication—and she has not and cannot—her claims against The Times still would fail because the only alleged timely republication is by an unrelated third party and The Times is not liable for republications by unrelated third parties. *See* NYT Mem. at 9-11. In opposition, Lokhova relies on a misinterpretation of *Weaver*, 199 Va. 196, to argue that The Times and

3

others may be deemed liable for third party republications. *See* Opp. at 13 (citing Dkt. No. 54, at 9-12; Dkt. 74 at 20). But the *Weaver* exception is not applicable to the facts presented.

*Weaver* recognized a narrow exception to the single publication rule where the original author may be deemed liable for third parties' republication if republication was "the natural and probable consequence of his act, or he has presumptively or actually authorized or directed its republication." 199 Va. at 200. *Weaver* itself cautioned that the exception is narrow and defamation defendants are *not* generally liable for "the independent and unauthorized act of a third party.*" Id.* at 199. Other courts similarly have cautioned that *Weaver* must be narrowly construed, otherwise there could be "perpetual liability for a single wrongful act" and the statute of limitations and single publication rules would be rendered meaningless. *See* NYT Mem. at 10 (quoting *Meyers v. Levinson*, 2005 U.S. Dist. LEXIS 42799, at *75 (E.D. Va. July 26, 2005), and collecting cases).[2]

In the few cases to apply the *Weaver* exception, it has been limited to circumstances where the original speaker intended or authorized a specific third party to disseminate the speech at issue. *See* NYT Mem. at 10. For example, the *Weaver* exception has been applied where defendants supplied false credit information to credit reporting agencies, knowing and intending that it would be disseminated as part of the plaintiff's future credit reports. *Adams v. Children's Hosp. of the King's Daughters*, No. CL18-2656, 2018 Va. Cir. LEXIS 343, at *12 (Va. Cir. Ct. Sep. 21, 2018); *Armstrong v. Bank of Am.*, 61 Va. Cir. 131, 132 (Va. Cir. Ct. 2003). Similarly, in

---

[2] At least one court has noted that *Weaver* failed to address—and may not adequately have taken into account—the single publication rule. The court noted "that the advent of the single publication rule was a fairly recent development at the time Weaver was decided" and cautioned that *Weaver* should be read to require more than foreseeability. *Meyers v. Levinson*, No. 4:02cv9, 2005 U.S. Dist. LEXIS 42799, at **51, 55 (E.D. Va. July 26, 2005) (citing Restatement (Second) of Torts § 577A (noting the advent of the single publication rule in the early 1950s)).

*Blue Ridge Bank v. Veribank*, 866 F.2d 681 (4th Cir. 1988), a financial reporting service provided inaccurate financial information to a columnist, intending it would be published by those newspapers syndicating the writer's column. And in *Sponaugle v. Rutledge*, 58 Va. Cir. 3, 4 (Va. Cir. Ct. 2001), the plaintiff supplied false child abuse allegations to a non-governmental organization knowing that the organization would inform police.

Lokhova's only basis for applying the *Weaver* exception here is that The Times published a national news story. She argues The Times therefore "knew or should have known" that others would read it and retweet, quote, or hyperlink to the Article. *See, e.g.*, Am. Compl. ¶ 187. But if publishing a national news story were enough, the single publication rule for defamation effectively would never apply to The Times—the very type of publication the single publication rule was designed to protect. *See, e.g.*, *Gregoire v. G.P. Putnam's Sons*, 81 N.E.2d 45, 47 (N.Y. 1948) (setting out the history of the single publication rule); *see also* NYT Mem. at 11. Lokhova's misinterpretation of *Weaver* should be rejected, and her claims dismissed as untimely.

## II. THE STATEMENTS AT ISSUE ARE NOT ACTIONABLE AS A MATTER OF LAW

### A. Lokhova Improperly Attempts to Amend to Plead Defamation by Implication

In her opposition, Lokhova apparently now argues that even if the facts set out in the Article were true, The Times is liable for defamation by implication. *See* Opp. at 10-11 ("Where, *as here*, plaintiff alleges she has been defamed not by statements of fact that are literally true [sic] but an implication arising from those facts . . . ." (emphasis added)). But Lokhova's Amended Complaint does not plead defamation by implication. Lokhova pleads a single count of defamation against The Times, based on "false factual statements." Am. Compl.

5

¶¶ 182-190 (Count I); ¶¶ 158-59 (asserting that *all* of the statements at issue in the Article were "false statements by Halper."). Specifically, Lokhova pleaded that no one was "alarmed" by her interactions with Flynn, that no one perceived her to be close to Flynn, and "no 'warning' was passed to 'American authorities.' This is all a concerted lie concocted by Halper and Goldman/NYT." *Id.* ¶ 161. In opposition, Lokhova now changes tack and argues that even if those statements are factually *true*, the Article nevertheless "conveys a defamatory implication: that Lokhova, portrayed as a Russian agent or 'Russian intelligence', engaged in conduct that was intended to compromise General Flynn." Opp. at 12.

Lokhova is attempting to amend her claims through her opposition brief. This is entirely improper, and her arguments should be rejected. *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted)).

Even if Lokhova had properly pled defamation by implication, her claims would fail and should be dismissed. Plaintiff must meet a high bar to assert defamation by implication based on true statements. "[B]ecause the constitution provides a sanctuary for truth, a libel-by-implication plaintiff must make an especially rigorous showing where the expressed facts are literally true. The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that *the author intends or endorses the inference*." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092-93 (4th Cir. 1993) (emphasis added); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990); Opp. at 10-11 (conceding that plaintiff must meet this rigorous standard). In determining whether the language is actionable, "a court may not extend the meaning of the words used beyond their ordinary and common

acceptance." *Va. Citizens Def. League v. Couric*, 910 F.3d 780, 784 (4th Cir. 2018) (quotation and citation omitted).

Here, the Article stated that an unnamed intelligence source was "alarmed" by "apparent closeness" between Flynn and "a Russian woman" and "that concern" led a different intelligence source to warn American authorities that Flynn "could be compromised by Russian intelligence." Am. Compl. ¶ 158; Ex. A.  Plaintiff apparently now argues that even if those statements are *true*—that is, even if someone at the dinner was alarmed, did perceive her to be close to Flynn, and another person did pass on concerns to authorities—the Article nevertheless "conveys a defamatory implication: that Lokhova, portrayed as a Russian agent or 'Russian intelligence', engaged in conduct that was intended to compromise General Flynn."  Opp. at 12.

The Article cannot reasonably be read to impart that meaning, much less that The Times intended or endorsed such an inference.  First, while Lokhova assumes that the sources' concerns stemmed from *her* behavior, that is by no means clear in the Article.  Lokhova's own academic mentor, Christopher Andrew, published a national news article airing his concerns—concerns that stemmed from *Flynn's* impetuous and unconventional behavior towards Lokhova, which Andrew felt left him vulnerable to foreign influence.  *See* Compl. ¶ 90; Ex. 2.  Both Halper and Sir Richard Dearlove, another academic supervisor, were reported to have similar concerns about *Flynn*, not Lokhova, based on their interactions.  *See, e.g.*, Am. Compl. ¶¶ 170.  The Article leaves ambiguous whether the sources' concerns focused on Lokhova or, like Andrew and others, on Flynn.  Given that ambiguity, the Article cannot be construed to intend or endorse that Lokhova was a Russian asset attempting to compromise Flynn.

Second, the Article neither adopted nor credited the sources' subjective concerns.  The concerns conveyed were speculative (Flynn "could be" compromised), not conclusory.  The

7

Article did not assert or imply that those concerns were justified, had merit, had been acted upon, or that American authorities considered them well-founded.[3]  Indeed, the overall context of the Article was to report that the informant's activities and investigatory techniques were highly controversial and under criticism.  Again, Lokhova cannot show that the Article affirmatively intended or endorsed the implication she claims.  For the reasons set out above and in The Times' prior memorandum of law, any purported claim for defamation by implication also fails, and Lokhova's defamation claim should be dismissed with prejudice.

### B. The Statements at Issue are Non-Actionable Opinion

As set out previously, the statements at issue also are not actionable because they are expressions of subjective opinion, incapable of objective proof.  NYT Mem. at 13-14.  In opposition, Lokhova summarily argues first, that it can be proven false that Halper was not "alarmed," he did not perceive "apparent closeness" between her and General Flynn, and a second, unnamed source did not share those "concerns."  Opp. at 13.  Lokhova essentially disputes the reasonableness of the two sources' concerns and feelings because, in *her* judgment, there was no cause for concern.  But this is precisely the kind of "subjective view, an interpretation, a theory, conjecture, or surmise," that is incapable of objective proof and is not actionable.  *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 186 (4th Cir. 1998).

Moreover, based on Lokhova's own description of her interactions with Flynn, it is readily apparent how a person with different sensitivities might form a different opinion of their dynamic.  *See, e.g.*, Am. Compl. ¶ 169; https://tinyurl.com/yxkbz8ma (May 2018 interview with Lokhova).  "Statements that are relative in nature and depend largely upon the speaker's

---

[3] The sole timely third party hyperlink to the Article highlighted just this point, asking "was the concern justified?"  Am. Comp. ¶ 163; https://twitter.com/ChuckRossDC/status/999674664304574464.

viewpoint are expressions of opinion" and cannot be the basis of a defamation claim. *Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 303 (2007) (citation omitted). *See also Washington v. Smith*, 80 F.3d 555, 557 (D.C. Cir. 1996) (statements not actionable where underlying "facts are open to different interpretations by reasonable persons").

Lokhova next summarily argues that the Article is actionable because it can be proven false whether or not the second source ever *shared* his or her concerns with American authorities. Opp. at 13. However, it is not enough just to plead that the Article contains a false fact: the false fact must be defamatory of the plaintiff. *See, e.g.*, *Fornshill v. Ruddy*, No. 95-2490, 1996 U.S. App. LEXIS 14125, at *8 (4th Cir. June 11, 1996) (Critical statements at issue were "of and concerning" the *investigation* into suicide of Deputy White House Counsel, not a police officer mentioned in connection with the investigation.); *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C. Cir. 2001) (Statements that do not "suggest anything untoward" about a plaintiff are not actionable.). Whether or not the source shared his or her concerns with the authorities—rather than with someone else, or only with the media—is not defamatory of Lokhova.

### C. Lokhova Should be Deemed to Concede the Statements at Issue are not "Of and Concerning" Plaintiff as a Matter of Law

As set out previously, Lokhova's claims against The Times also should be dismissed because the Article was not "of and concerning" her as a matter of law, an element of any defamation claim. NYT Mem. at 14-16. The Article did not identify Lokhova by name and, given the paucity of information in the Article, a reasonable reader would not have drawn the inference that "a Russian woman" referred to the specific Cambridge academic, Svetlana Lokhova. *Id.; see also Three Amigos SJL Rest., Inc. v. CBS News Inc.*, 65 N.E.3d 35, 37 (N.Y. 2016) (plaintiff "must plead and prove that the statement referred to them and that a person

9

hearing or reading the statement reasonably could have interpreted it as such . . . . This burden is not a light one." (citations omitted)).

Lokhova's opposition to the media defendants' motions to dismiss does not address this issue, and for that reason the Court may properly deem Lohkova to have conceded the Article is not "of and concerning" her as a matter of law. *See, e.g.*, *Nzabandora*, 2017 U.S. Dist. LEXIS 175912, at *13; *Hanks v. Wavy Broad., LLC*, No. 2:11 cv 439, 2012 U.S. Dist. LEXIS 15729, at *6-9 (E.D. Va. Feb. 8, 2012) (defamation complaint must be dismissed where the plaintiff does not plausibly allege that the statement was "of and concerning" him).

In opposition to defendant Halper's motion to dismiss, Lokhova argues that she has adequately pled this element of her claim, but only by summarily stating that "The NYT Article supplies an array of detail – *'February 2014'*, *'Cambridge Intelligence Seminar'*, *'academic'*, *'Flynn'*, *'Russian woman'*, *'in attendance'* – from which any reader could determine that Lokhova was the 'Russian woman' of or concerning whom the alleged defamatory statements were made." Dkt. 74 at 13-14. To the extent that the Court deems that a response to the The Times's Motion to Dismiss, Lokhova's conclusory repetition of phrases from the Article is nevertheless unavailing.

The Article did not identify the "woman" as an academic or even a member of Cambridge University, rather than a member of the general public or a guest. It did not specify that Flynn met her for the first time at Cambridge, leaving open the possibility that Flynn brought her as his guest. It did not identify the sources or when or how they observed Flynn's behavior or what their relationship (if any) was to the woman or Flynn. And it provided no physical or personal details by which to identify the woman, aside from her nationality. Setting aside guests and other members of the public, there were approximately 19,000 students and

7,000 academics at Cambridge University in February 2014. Univ. of Cambridge, *Facts and Figures* January 2015, https://tinyurl.com/y5ghxk47. It is simply not plausible to argue, as Lokhova does, that "any reader" could determine that *she* was the specific "woman" referred to.

### III. PLAINTIFF'S REMAINING CLAIMS ALSO SHOULD BE DISMISSED

As set out previously, Lokhova's remaining claims for common law conspiracy and tortious interference must also be dismissed because they are both foreclosed by First Amendment protections and fail on the merits. *See* NYT Mem. at 16-18. Lokhova makes no opposition to the dismissal of her tortious interference claim. *See generally* Opp. Her sole opposition to dismissal of her conspiracy claim is that she has adequately pled "concerted action" between Halper and the media defendants. *Id.* at 13-14.

This argument is unavailing. First, New York "does not recognize a freestanding claim for conspiracy." *Carlson v. Am. Int'l Grp., Inc.*, 89 N.E.3d 490, 504 (N.Y. 2017). Second, even if it did—or if Virginia law applied to Lokhova's conspiracy claim— "concerted action" is only one of the elements of a common law conspiracy claim. Plaintiff must also show, among other things, an agreement to participate in an "unlawful act" or to use "unlawful means." *Flexible Benefits Council v. Feltman*, No. 08-371, 2008 U.S. Dist. LEXIS 46626, at *26 (E.D. Va. June 16, 2008) (setting out the elements of common law conspiracy). Here, The Times's only purportedly "unlawful act" in furtherance of the alleged conspiracy was the publication of the Article. However, the Article was not unlawful or actionable—and "where there is no actionable claim for the underlying alleged wrong, plaintiff cannot maintain a claim for civil conspiracy." *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (Ellis, J.). Third, Lokhova's conspiracy claim also is barred by the one-year statute of limitations for defamation. *Hurst v. State Farm Mut. Auto. Ins. Co.*, 2007 U.S. Dist. LEXIS 21172, at *16-17 (W.D. Va. Mar. 23,

2007) ("The limitations period for all civil conspiracy is based on the statute of limitations for the underlying act"), *aff'd*, 324 F. App'x 250 (4th Cir. 2009).  Finally, Lokhova's conspiracy claim still is foreclosed because her defamation claim fails and plaintiffs may not evade constitutional protections by recasting their defamation as different theories of tort.  *See* NYT Mem. at 16-17 (collecting cases).

## CONCLUSION

For the foregoing reasons, Defendant The Times respectfully requests that its motion to dismiss be granted and the Amended Complaint be dismissed with prejudice.

Dated:  October 17, 2019                     Respectfully submitted,


                                             */s/ John F. Hundley*
                                             John Hundley, Va. Bar No. 36166
                                             Ballard Spahr LLP
                                             1909 K Street NW, 12th Floor
                                             Washington, DC 20006
                                             Tel: 202-661-2200703-647-5976
                                             Fax: 202-661-2299703-647-5988
                                             Email: hundleyj@ballardspahr.com


                                             Dana R. Green (admitted *pro hac vice*)
                                             The New York Times Company
                                             Legal Department
                                             620 8th Avenue
                                             New York, NY 10018
                                             Tel: 212-556-5290
                                             Fax: 212-556-4634
                                             Email: dana.green@nytimes.com

                                             *Attorneys for The New York Times Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2019, I electronically filed the foregoing Defendant The New York Times Company's Reply in Support of Motion to Dismiss Amended Complaint with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties.

          */s/ John F. Hundley*
          John F. Hundley, Va. Bar No. 36166
          Ballard Spahr LLP
          1909 K Street NW, 12th Floor
          Washington, DC 20006
          Tel: 202-661-2212
          Fax: 202-661-2299
          Email: hundleyj@ballardspahr.com