# COMMONWEALTH OF VIRGINIA
## FOURTEENTH JUDICIAL CIRCUIT

L.A. HARRIS, JR., JUDGE

JAMES S. YOFFY, JUDGE

RICHARD S. WALLERSTEIN, JR., JUDGE

JOHN MARSHALL, JUDGE

RANDALL G. JOHNSON, JR., JUDGE



CIRCUIT COURT OF HENRICO COUNTY

GOVERNMENT COMPLEX
4301 E. PARHAM ROAD

MAILING ADDRESS:
P.O. BOX 90775
HENRICO, VA 23273-0775

TELEPHONE: (804) 501-4750
FACSIMILE: (804) 501-5505

October 2, 2019

Steven S. Biss, Esquire
300 West Main Street, Suite 102
Charlottesville, VA 22903

Charles K. Seyfarth, Esquire
O'Hagan Meyer
411 East Franklin Street, Suite 500
Richmond, VA 23219

Patrick J. Carome, Esquire
Wilmer Cutler Pickering Hale & Door, LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Amy Neuhardt, Esquire
Boies Schiller Flexner, LLP
1401 New York Avenue, NW
Washington, DC 20005

Benjamin Margo, Esquire
Kaplan Hecker & Fink, LLP
350 Fifth Avenue, Suite 7110
New York, NY 10118

Re: Devin Nunes v. Twitter, Inc., Elizabeth L. "Liz" Mair, Mair Strategies, LLC, et al.,
    Case No.: CL19-1715-00

Dear Mr. Biss, Mr. Seyfarth, Mr. Carome, Ms. Neuhardt, and Mr. Margo,

This matter came before the court on the motions to dismiss without prejudice pursuant to Virginia Code Section 8.01-265 filed by Twitter, Inc., Elizabeth A. Mair and Mair Strategies, LLC. The court makes the following rulings based on the documents filed in the case, the arguments presented at the hearing on August 23, 2019 and the information submitted by Twitter to the court under seal by letter dated September 11, 2019.

The court has been asked to decide whether Virginia or California is the proper venue for the causes of action brought by the Plaintiff in the Bill of Complaint. The Plaintiff's claims are for defamation against Elizabeth A. Mair and Mair Strategies, LLC and for negligence against Twitter. A significant factor for the court to consider in its rulings is that the negligence claim against Twitter is totally dependent upon the defamation claim. If there is no finding of defamation, there is no negligence and if there is defamation there may or may not be negligence. Though the defamation claim is not against Twitter, the negligence claim against Twitter rises and falls with the defamation case.

The court will first address Elizabeth A. Mair's and Mair Strategies, LLC's motion to dismiss on grounds of forum non conveniens pursuant to Virginia Code Section 8.01-265 based on the cause of action for defamation arising outside of Virginia.

At the time of the filing of the Bill of Complaint defendant Elizabeth A. Mair resided in Virginia and defendant Mair Strategies, LLC was a Virginia limited liability company.(Hereinafter referred to as "Defendants") The Plaintiff is not a resident of the Commonwealth and alleges that Defendants had twitter accounts and that the Defendants' postings in Virginia to the internet concerning him were defamatory.

The court recognizes that the Virginia Supreme Court has continued to use "lex loci delicti", the place of the wrong, to tort actions. McMillan v. McMillan, 219 VA 1127. The Plaintiff argues that the postings on the internet occurred in Virginia, so the cause of action arose in Virginia and Virginia Code Section 8.01-265 does not apply making Virginia the appropriate venue for the defamation claim to be heard.

The Honorable Henry E. Hudson in Cockrum v. Donald J. Trump for President, Inc., 365 F. Supp. 3d 668-669 in applying the "lex loci delicti" principle stated "that it remains far from clear how the Supreme Court of Virginia would apply lex loci in situations where defamatory content is published in multiple jurisdictions, such as …. a website that can be accessed worldwide". (citing Kyline Network (Bejing) Movie & Culture Media Co., Ltd. V. Fidlow, 2017 WL 2385343, at *3 n.2(E.D. Va. June 1, 2017). The facts in this case concern use of social media and the alleged defamatory postings were published in multiple jurisdictions at the same time and the court concurs that venue issues have yet to be decided by the Virginia Supreme Court.

This court will apply the "lex loci delicti" principle in this case and rejects the arguments by the Defendants to adopt the significant harm test. The Honorable Bruce D. White has addressed the use of "lex loci delicti" with the posting of alleged defamatory content onto a publication's internet website in the Depp v. Heard case. Judge White used the place of publication to determine where the cause of action arose. This court will attempt to address the place of publication for where the cause of action arose in this case through the posting of alleged defamatory statements on social media platforms.

2

There are numerous cases in Virginia dealing with publication. Publication is uttering the slanderous words to some third person so as to be heard and understood by such person. Thalhimer Bros. v. Shaw, 156 VA 863,871. Publication occurs when a third person reads the slanderous words. Davis v. Heflin, 130 VA 169, 172. Today most communication is done with devices that use technology that relies on digital platforms. Information and messages are sent and received in fractions of a second.

The Defendants argue that the provisions of Virginia Code Section 8.01-265 apply because the cause of action arose outside of the Commonwealth. The arguments in the filings to substantiate this claim center around how once a person posts on twitter the message travels over airwaves to devices in California before they go up on social media and therefore the cause of action arose in California. The time measurement for how fast this occurs is something this court would have to have expert testimony to quantify. If the court accepted this argument, the cause of action for next door neighbors in Virginia who posted defamatory statements on social media about each other in their homes in Virginia would arise in California since the publication occurred there.

The court rejects this argument and finds in this case that the posts to social media were made in Virginia and therefore the publication occurred in Virginia and the cause of action for defamation arose in Virginia. Virginia Code Section 8.01-265 requires that the cause of action arise outside of Virginia and the court denies the Defendants' motion to dismiss without prejudice or transfer to California based on venue and forum non conveniens.

The court now addresses Plaintiff's negligence claim against Twitter and the motion to dismiss for improper venue and forum non conveniens filed by Twitter. The court acknowledges that forum selection clauses like those in the terms of use agreement used by Twitter carry great weight and have been upheld by Virginia Courts. Twitter argues that the forum selection clause in the terms of use agreement for twitter should be applied here making California the proper venue because the Plaintiff has twitter accounts and is therefore subject to the terms of use agreement.

The negligence claim of the Plaintiff against Twitter here arises from the Defendants use of twitter not the Plaintiff's use of twitter. The use of twitter by the Defendants to post allegedly defamatory statements cannot subject the Plaintiff to the terms of use agreement and the forum selection clause as it would not subject a plaintiff who did not have a twitter account to the terms of use agreement. The court finds the terms of use agreement does not apply to the Plaintiff here.

The court next examines the arguments made by Twitter that the court does not have general personal jurisdiction over Twitter. Twitter has registered to do business in Virginia, has a registered agent in Virginia, derives a large amount of advertising revenue from Virginia and has large numbers of Virginia citizens that agree to its terms of use agreement and use its social media platform. There are sufficient minimum contacts with Virginia to confer jurisdiction.

Plaintiff relies on the ruling by the Virginia Supreme Court in Witt v. Reynolds Metals, 240 Va. 452, 456 involving "a cause of action arising out of events unrelated to the business conducted in the Commonwealth" where the court found personal jurisdiction over the corporation based on the contacts that existed. Here the Plaintiff is alleging that Twitter's business is related to the cause of action. The Witt case involved a plaintiff who resided in Virginia unlike this case where the Plaintiff resides in California but this case involves two defendants in Virginia.

Twitter relies on the U.S. Supreme Court decision in BNSF Railway Co. v. Tyrell, 137 S. Ct. 1549 (2017). The facts of that case the same as this case involved an out of state Plaintiff and a corporation that did not have its principal place of business in the state, was not incorporated in the state and had employees and business operations in the state. The Supreme court found there was no personal jurisdiction on the facts in that case. The Court in BNSF cited Daimler AG v. Bauman 134 S.Ct. 746, 761-762 and stated that "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." "Rather, the inquiry calls for an appraisal of a corporation's activities in their entirety"," a corporation that operates in many places can scarcely be deemed at home in all of them." BNSF Railway Co. v. Tyrell, 137 S. Ct. 1549, 1559.

The factual difference in the BNSF case and here is that there was no injury claimed in the state where the suit was filed. The Plaintiff claims damage to his reputation here but that is primarily based on the defamation claim against the Defendants not the negligence claim against Twitter, though Plaintiff claims the negligence of Twitter allowed the damage to continue. The Supreme court went on to state in the BNSF case that "In short, the business BNSF does in Montana is sufficient to subject the railroad to specific personal jurisdiction in that State on claims related to the business it does in Montana. But in-state business, we clarified in Daimler and Goodyear, does not suffice to permit assertions of general jurisdiction over claims...that are unrelated to any activity occurring in Montana." BNSF Railway Co. v. Tyrell 137 S. Ct. 1549,1559.

The Plaintiff has alleged that the tweets by the Virginia Defendants while in Virginia damaged his reputation in Virginia once they were posted on the twitter social media platform and the damage continued as Twitter negligently allowed them to remain on the twitter social media platform. The damage would be wherever they were read and initially would appear on Defendants' electronic devices. The business Twitter is engaged in Virginia through its recruitment of users in Virginia to use its social media platform and its generation of advertising revenue from Virginia based on the Virginia citizens using twitter makes the cause of action for defamation and the continued damage from the alleged negligence of Twitter in this case related to Twitter's activity occurring in Virginia.

The negligence claim against Twitter is based on twitter's failing to remove the alleged defamatory comments by Defendants and twitter asserts that any decision regarding that would take place at its offices in California and any actions regarding that would have to be accomplished through the servers in California. Therefore, Twitter argues the negligence

4

alleged had to occur in California. Based on the ruling in BNSF case the court believes an important issue is whether twitter's business activities and contacts in Virginia are related to the claims for damages for both defamation and negligence.

The Court finds based on the facts alleged in this case and the rulings in both the Witt and BNSF cases that the Court does have general personal jurisdiction over Twitter as even though the negligence for not removing the alleged defamatory comments occurred in California not Virginia, alleged damages from that negligence occurred in Virginia and are directly related to the business activities of Twitter in Virginia.

The Court next examines specific personal jurisdiction pursuant to Virginia's long arm statute contained in Virginia Code Section 8.01-328.1. Plaintiff argues that 8.01-328.1(A)(1), (A)(3), and (A)(4) allows the court to exercise jurisdiction over Twitter. The provisions of (A)(1) applies if the cause of action arose from Twitter's transacting business in the Commonwealth. The court has ruled that the negligence occurred in California so (A)(1) does not confer jurisdiction over the matter to the court as to Twitter.

The provisions of (A)(3) applies if tortious injury is caused by an act or omission in the Commonwealth. The court has ruled the alleged negligence of not removing the comments occurred in California so (A)(3) does not confer jurisdiction over the matter to the court as to Twitter.

The provisions of (A)(4) applies if tortious injury occurs in the Commonwealth by an act or omission outside of the Commonwealth if the entity does or solicits business in the Commonwealth, or engages in any other persistent course of conduct, or derives substantial revenue from…services rendered, in the Commonwealth. Twitter as previously noted does business in the Commonwealth, has a large amount of advertising revenue from that business and regularly recruits users to use its social media platform that is used on a constant basis by the users in Virginia. The court has ruled the act of negligence occurred in another state and Plaintiff alleges damage to reputation in the Commonwealth. The provisions of (A)(4) apply to the facts in this case and subjects Twitter to the jurisdiction of this court.

The court is mindful of the decision in BNSF, but here unlike BNSF the Defendants are in the state where the suit has been filed, there are claims of damage to reputation in Virginia based on the use of Twitter's social media platform in Virginia by the Defendants and the claims against the Defendants and Twitter are interdependent.

The decision by the court that the negligence claim arose outside of the Commonwealth but alleged damages from that negligence occurred in Virginia requires the court to address the forum non conveniens and motion to dismiss arguments by Twitter pursuant to Virginia Code Section 8.01-265. Twitter argues that California is where the Plaintiff resides, where the principal place of business for Twitter is located, where most of the witnesses for both the Plaintiff and Twitter are located and that California law would apply to the claims against Twitter.

5

Pursuant to Virginia Code Section 8.01-265 one of the considerations is whether there is a more convenient forum that has jurisdiction over all the parties. Defendants as part of their filings have by affidavit consented to California having jurisdiction over them. There has been no argument that California has jurisdiction over the Defendants without the affidavit. The court has ruled that at the time of filing of the case the Defendants were located in Virginia and that jurisdiction is proper for them in Virginia. The court recognizes that the affidavit of Defendants may provide another forum that has jurisdiction over all the parties but at the time of filing there has been no showing that California had jurisdiction over all the parties.

Today, video testimony is the norm in most civil cases to avoid the inconvenience of coming to court. Discovery is also conducted regularly by video depositions. These factors limit inconvenience. The court has considered the fact that the cause of action against Defendants is for defamation and the cause of action against Twitter is for negligence could allow the court to separate the claims and grant one motion to dismiss and deny the other motion to dismiss. Twitter argues based on the inconvenience to Twitter to try the case in Virginia to separate the claims as California is the more convenient forum.

The court refuses to do so as the litigation over the defamation claim will necessarily involve Twitter as the claim relates to the use of Twitter's social media platform and the fact that the negligence claim against Twitter is totally dependent upon the success or failure of the defamation claim. The court has ruled that the Defendants' cases are properly raised in Virginia. The Plaintiff came from California to Virginia to pursue claims that arose in Virginia against Defendants who were in Virginia. The causes of action in this case are interdependent and for the other reasons in this opinion the court will not dismiss the action against Twitter based on forum non conveniens.

The court for the reasons stated in this opinion finds that Virginia is the proper venue for the claims against the Defendants and the interdependent claim against Twitter.

I thank you all for the presentation of the issues and for all the information that was provided to me. Mr. Biss please prepare the order.

Sincerely,

John Marshall, Judge